**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 06-0843-PHX-SMM |
| Plaintiff/Respondent, | ) | |
| vs. | ) | **ORDER** |
| Guillermo Emiliano Rios-Bustamante, | ) | |
| Defendant/Movant. | ) | |

## I.     Introduction

Movant Guillermo Emiliano Rios-Bustamante ("Movant"), presently confined in the Eden Detention Center in Eden, Texas, filed a Motion for The Reduction of Time from 6 to 18 Months as a Deportable Alien Pursuant to 18 U.S.C. §§ 3553(b), 3582(c)(2); 28 U.S.C. § 994(d); U.S.S.G. Ch.1, pt. A Inter 4(b). (Dkt. 21) For the reasons set forth below, the Court will deny the motion.

## II.    Procedural Background

Pursuant to a plea agreement, Movant pled guilty to importation of 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of 21 U.S.C. § 952(a). (Dkt. 19) A violation of §952(a) involving 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine is punishable under 21 U.S.C. §§ 960(a) & 960(b)(1)(B)(ii) by

1  a maximum fine of $4,000,000, a maximum term of imprisonment of life in prison, or both,
2  a minimum term of imprisonment of 10 years, and a term of supervised release of at least 5
3  years.

4  On December 12, 2006, the Court sentenced Movant to a 51-month term of
5  imprisonment. (Dkt 20)

**III.  Discussion**

Without explanation and relying on non-binding authority, Movant seeks a reduction in sentence on the basis that trial courts may properly depart from downward sentencing guidelines if sentencing did not account for a mitigating circumstance. Movant argues that his status as a deportable alien, which renders him ineligible for placement in a halfway house or early release for completion of a drug treatment program, is a mitigating circumstance that was not considered in the calculation of his sentence. *See* 18 U.S.C. § 3621(e)(2)(B) (sentence may be reduced by up to one year for successful completion of drug treatment program); 18 U.S.C. § 3624(c) (ten percent of a sentence, but no longer than six months, may be served "under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community"). Movant also claims his equal protection rights have been violated.

**A. Waiver**

Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. *United States v. Hamilton*, 391 F.3d 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and unequivocal. Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). For example, a waiver of appellate rights

is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made. *Id.*

As part of his plea agreement, Movant made the following waiver:

> [Movant] waives any and all motions, defenses, probable cause determinations, and objections which [Movant] could assert to the indictment or information, or to the petition to revoke, or to the Court's entry of judgment against [Movant] and imposition of sentence upon [Movant], provided that the sentence is consistent with this agreement. [Movant] further waives: (1) any right to appeal the Court's entry of judgment against [Movant]; (2) any right to appeal the imposition of sentence upon [Movant] under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28 ,United States Code, Section 2255, or any other collateral attack. [Movant] acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack [Movant] might file challenging his conviction or sentence in this case.

(Dkt. 19 at 4). Movant indicated in his plea agreement that he had discussed the terms with his attorney, that he agreed to the terms and conditions, and that he entered into it voluntarily (Dkt. 19 at 7-9).

Movant's assertions in his motion all pertain to sentencing and do not pertain to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a motion challenging his sentence in this case. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing issues raised in his motion.

Moreover, though the minimum term of imprisonment for Movant's offense is 10 years, the Court granted him a two-level downward adjustment under USSG §3B1.2(b), in addition to the corresponding cap of 31 on the base offense level under U.S.S.G. § 2D1.1(a)(3), for his role as a minor participant in the offense. As a result of this downward departure, Movant received a 51 month term of imprisonment, which was at the low end of the advisory guideline range of 51 to 63 months.

The Court finds that Movant expressly waived the right to challenge his sentence and that Movant's sentence accounted for mitigating factors, such as the fact that he was

1  substantially less culpable than the other participants in the drug-trafficking operation in the
2  instant offense. Therefore, the Court will deny the motion.
3  **IV.    Conclusion**
4       Accordingly, in light of Movant's knowing and voluntary waiver,
5  **IT IS HEREBY ORDERED DENYING** Movant's Motion for The Reduction of Time.
6  (Dkt. 21)
7       DATED this 20th day of June, 2007.

_____
Stephen M. McNamee
United States District Judge